REGAN, Judge.
Plaintiff, Samuel, Cresap, instituted this suit, via ordinaria, against defendant, Robert E. Kilpatrick, on a note secured by a mortgage. Defendant’s answer, in substance, was a confession of judgment and, therefore, the court, a qua, rendered judgment recognizing plaintiff’s Claim. The property, consisting of thirty-five lots of ground, was sold and adjudicated by the Civil Sheriff under a writ of fieri facias on July 31st, 1941 to plaintiff, Cresap. He never paid the balance of costs due the Sheriff and, therefore, no deed was executed by the Sheriff and delivered to him. Under these circumstances, Warren A. Doll, on August 10, 1949, by quit claim deed, acquired from the original plaintiff, Cresap, all of his rights as adjudicatee, and by qrder rendered by the judge, a quo, on August 31st, 1949, Warren Doll, as the as-signee of Samuel Cresap, was substituted for and in lieu of Cresap, as the plaintiff and adjudicatee herein. Thereupon . and in logical sequence, Doll requested that the Civil Sheriff prepare a deed and deliver it to him. The deed apparently was. in the process of being drafted by the office of the Civil Sheriff when this controversy aróse. The Civil Sheriff never refused to execute and deliver to Doll a deed in this matter. In fact, there is contained in the record by virtue of the wisdom of the judge, a quo, the identical form of deed whidi the Sheriff proposed to execute, however, there ensued a dispute between Doll and the Sheriff as to just what the deed should or should not contain. Doll, on the one hand, contended that the deed was not in conformity with the existing law made and prescribed therefor, particularly Code of Practice, Articles 678, 692, 693, 694 and 695, in that the Sheriff cannot add onesingle line to the deed which is not specifically provided for in the aforementioned articles of the Code of Practice; that the Sheriff’s Deed adds nothing to the adjudication as made .because the adjudica-., tion transfers title and the deed is merely evidence thereof; that the Sheriff in preparing the deed has not only recited that the Mortgage and Conveyance certificates. were read in conformity with the Code of *132 Practice, Article 678, but in derogation thereof has also copied therein the inscriptions ' which, appeared on the certificates; that the Sheriff should not comment thereon nor copy in full in the deed, City and State Tax -Certificates, “which the law provides shall be, not copied, not summarized ,' not abridged, not abstracted, not epitomized” but merely annexed to the deed; and finally “that the Civil Sheriff being á ministerial officer” can act only in the manner prescribed by law for the performance of his official duties.
The Sheriff, in opposition thereto, maintains that the deed which he had contemplated drafting was a legal and proper one, but that Doll does not want the deed per se to reflect “that through the negligence of his assignor (Cresap) to pay taxes * * * a large number of lots adjudicated by the Sheriff have been sold by the State Land Office (to third persons) under the provisions of Act 237 of 1924, as amended [LS A-R.S. 47:2189, 47:2190],” which occurred during the interim of almost ten years since the date of adjudication in 1941; that “third persons who purchased the lots from the Register of the State Land Office, as well as other persons, who may hereafter deal with Mr. Doll, as the owner of the property under the deed, are entitled to know from the public recordation of the deed that all the taxes on the adjudicated property have not been paid, and that certain of the lots have been sold by the State Land Office under the provisions of Act 237 of 1924.”
The’ controversy as to the form of deed continued between the parties until Doll filed a rule against the Sheriff to show cause why the Sheriff “should not make, execute, register and deliver” to' Doll “a Sheriff’s Deed in the manner and form directed by law.”
Upon the trial thereof the judge, a quo, declined to hear any testimony until the “form of deed” was in evidence, and accordingly, requested the Sheriff to prepare the Deed embodying the features which were objectionable to Doll.
The Court, a qua, rendered judgment ordering that this rule filed by Doll against the Sheriff be made absolute and that the Sheriff’s Deed be amended “to the extent set out and set forth in his written reasons” for judgment and from that judgment Doll has appealed. The Sheriff has answered the appeal and requested that the judgment be set aside and the rule dismissed “for the reason that the Sheriff’s Deed tendered by” him “in his capacity as Civil Sheriff for the Parish of Orleans, is in proper form, in accordance with law, and that” he “should not be required to change, modify or amend same in any respect.” In .the alternative the Sheriff, both in his oral argument and in brief, requests that the judgment of the court, a qua, if not set aside, be affirmed.
The trial judge has analyzed both the facts and the law applicable to this case in his written reasons for judgment which, in our opinion, cover the case so fully that we adopt them as our own.
“Warren A. Doll, as assignee of Samuel Cresap, plaintiff herein, filed a rule against the Civil Sheriff for the Parish of Orleans to show cause why he, as assignee and substitute adjudicatee of Samuel Cresap, plaintiff, should not obtain from .the Civil Sheriff for the Parish of Orleans a sheriff’s deed in the manner and form directed by law, evidencing the adjudication heretofore made by said Civil Sheriff.
“The Court during the trial of the rule instructed the Civil Sheriff for the Parish of Orleans to prepare the form of sheriff’s deed which he proposed to execute. This was done and the form of deed has been filed and made part of the record and is marked for identification by the Court ‘Sheriff’s Deed Exhibit A.’
“It might be apropos to point out that the property in question was sold under a writ of fieri facias by the Civil Sheriff for the Parish of Orleans and that the sale and adjudication took place on July 31, 1941; the plaintiff, Samuel Cresap, being the adjudicatee. The sheriff’s deed, for some reason, was never executed. On Au-güst 10th, 1949, Samuel Cresap transferred to Warren A. Doll all of his right, title and interest in and to ‘that Certain lawsuit, action and claim entitled “Samuel Cresap v. *133 Robert E. Kilpatrick”, No. 235,119 of the docket of the Civil District Court’, and further transferred and assigned all of his rights as adjudicatee at the public sale held on July 31st, 1941.
“By order rendered and signed on August 31, 1949, the said Warren A. Doll was recognized as the assignee and substitute adjudicatee under his acquisition dated August 10, 1949, which was in writing and made part of the record.
“Warren A. Doll contends that the' Civil Sheriff must observe Articles 692, 693, 694 and 695 of the Code of Practice in the preparation of his deed. These articles read as follows:
“ ‘692: * * * This act of sale (the Sheriff’s Deed) must be made by and in the name of the sheriff of .the parish where the seizure was made, be signed by him in his official capacity, with a mention of the place, the day, the month, and the year in which it was passed.’
“ ‘693: * * * This act must make mention:
“ T. Of the writ by virtue of which the object has been seized and sold.
“ ‘2. Of the title of the cause in which the writ has been issued.
. “ ‘3. Of the names and surnames of the defendant, plaintiff and purchaser.
“‘4. Of the nature of the subject sold, with a description of it, as well as of the price and conditions on which it has been adjudged.
“ ‘5. Of the manner in which the purchaser has paid the price, or bound himself to discharge it.
“ ‘6. Of the amount of the privileges or mortgages with which the property adjudicated is incumbered, and which were made known at the time of the adjudication.
“ ‘7. And finally, of the special mortgage which he has given to secure the payment of this price, where the sale has been made on a credit.’
“ ‘694: * * * The sheriff shall conclude this act, by selling and .transferring to the purchaser all the right which the former owner had in the thing sold, pursuing the same forms as in ordinary sales.’
“ ‘695: * * * This act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford the proof of it.
“ ‘Consequently, if the 'sheriff has omitted any of the formalities above prescribed, the adjudication' shall not be void on that account, if it otherwise appear that it was made by virtue of a legal authority, and with all the forms requisite for its validity.’
“He further contends that the Sheriff cannot add one single line to the deed which is not specifically provided for in the articles of the Code; further that the sheriff’s deed adds nothing to the adjudication as made -because the adjudication transfers title and the deed is merely evidence thereof.
“His first contention is that the Sheriff has attached to and made part of his deed the mortgage and conveyance certificates and has recited in the deed what is contained on said certificates. Article 678 of the Code of Practice provides as follows: ‘If they are lands, or other objects susceptible of being mortgaged, -which are to be sold, the sheriff, after having declared of what they consist, as directed in the preceding article, shall also read, in an audible voice, the certificate which he s'hal-l have obtained for thi-s purpose from the office of the register of mortgages in the parish where the sale is made, to show' whether there exist any privileges or mortgages on the property offered for sale; provided, that in the parish of Orleans, a certificate, from the register of conveyances, showing that the vendor had not alienated in any other way the property about to be sold by Kim, shall be read by the -sheriff, said certificate to give a clear description of said property; and the sheriff neglecting to procure such certificate before passing any act of sale,' shall be liable to a fine of not less than two hundred and fifty dollars, nor more than five hundred dollars, and costs of court, one-half for the benefit of the complainant, and the other half for the benefit of the State.’
*134 “Counsel for Doll in one of his memorandums waived; we believe, his contention with respect to' mortgage and conveyance certificates; still in another he seems to press the point, and therefore t)he Court will pass on same.
“Under Article 678 (quoted above) the Sheriff must read in an audible voice the certificate which he obtained from the Recorder of Mortgages to show whether there exists any privileges or mortgage liens on the property offered for sale and must also read a certificate from the Register of Conveyances showing that the vendor has not alienated the property about to be sold. Now Article 678 of the Code of Practice does not state, nor does Article 693, that these certificates must be attached to the sheriff’s deed, but the sheriff’s deed is merely a proces verbal of the sale and adjudication and, therefore, the Court is of the opinion that, since the Sheriff must read the mortgage and conveyance certificates and, necessarily, whatever inscriptions appear thereon, at the public sale, before the adjudication is made, that therefore, when the proces verbal of such adjudication, which is the sheriff’s deed, is .made, then there should be inserted in that proces verbal and properly recorded the fact that the sheriff read the certificates and also read what was contained on said certificates, and the only way in which the sheriff’s deed can show what was on those certificates is for the inscriptions appearing thereon to be inserted in the deed. In addition, under Article 693, paragraph 6, it is provided that the act (sheriff’s deed) must mention ‘the amount of the privileges or mortgages with which the property adjudicated is incumbered, and which were made known at the time of the adjudication’, and, therefore, this is an additional reason why the privileges or mortgages as shown on the mortgage certificate should certainly be mentioned in the act.
■“Counsel for Doll, adjudicatee, contends that the Sheriff has no right to make any comments with reference to the status of the City and State taxes but that he can only attaoh to his deed the tax researches, which he must obtain under the law.
“Under Section 1 of Act 116 of 1938, as amended by Act 307 of 1942, Dart’s Stats., 6247.12 [LSA-RS 9:2921, 9:2922, 9:2924, 9:2925, 47:2104], it is provided that all taxes must be paid, to be evidenced by certificates to be attached to such act: ‘Hereafter neither (no) * * * sheriffs * * * authorized to convey real estate, shall pass any * * * act * * * for the * * * transfer * * * of any real estate * * * unless (all) * * * taxes due on the same, are first paid, to be shown by the * * * certificate of the officer having charge of the collection of said taxes * * * said certificates to be annexed to such act * * *.’
“Under Section 3 of Act 116 of 1938, Dart’s Stats., 6247.14 [LSA-RS 9:2926, 47:2104], substantially the same requirement and duty is imposed on sheriffs in respect to paving. However in this case counsel for Doll, adjudicatee, makes no complaint as to the reference of paving in the sheriff’s deed.
“The law hereinabove quoted specifically provides that the sheriff shall not pass his deed unless the taxes due on the property are first paid, to be shown and evidenced by certificates from the officer having charge of the collection of said taxes, or by a certificate from the State Auditor, State Tax Collector, City Comptroller, or other officer having charge of or keeping the accounts of said municipal corporation, parish or state, and that said certificates are to be annexed to suoh act and shall be conclusive evidence of the payment of all taxes thereon certified to be paid. Since the tax certificates are to be annexed to the act, they thereby form part of it, are merged into the act, because it is a general principle of law that a document which is attached to and made part of a document— in this case the sheriff’s deed — becomes a part of the document to which attached the same as if it was copied therein in extenso. Therefore, in this case the Sheriff should annex and attach ,the said tax researches to his sheriff’s deed and should make mention thereof in the deed in the following ■ manner :
“ ‘There is annexed' to this act state tax research: No. 4110 on Lots 6 to 10, inelu- *135 sive, Square 6, hereinabove described, which said tax research reflects the following: (Here quote verbatim what is> contained on the tax research precisely and exactly, without comment.)
“ ‘There is annexed to this act City tax research No. N-9797 on Lots 6 to 10, Square 6, hereinabove described, which said tax research reflects the following: (Here quote verbatim what is contained on the tax research precisely and exactly, without comment).’
“And there should follow in the act the same recitation with reference to the balance of the City and State tax researches covering the balance of the property involved.
“While it might appear that it is somewhat burdensome to recite exactly and precisely what is contained on the City and State tax researches, still, since the law requires that said City and State tax researches be annexed to the deed and since they form part of the deed, rather than have them made part of the deed by mere reference I am of the opinion that in this case that justice and equity would require that to be copied in extenso.
“Since the Civil Sheriff only sells all the rights of the debtor, the deed should only so provide.
“Accordingly, the proposed sheriff’s deed which has heretofore been identified as ‘Sheriff’s Deed Exhibit A’ should be amended and corrected in the following respects: Strike out on page 4, on line 39, beginning with the words ‘The following is the situation with reference to taxes’, and continuing through page 5, and ending on page 6, lines 38 and 39, with the words ‘appears all City taxes on these lots have been paid for the years 1919 to 1949, inclusive.’
“If the 1950 City and State taxes have been paid, then the provision appearing on page 6, lines 40, 41 and 42, of the ‘Sheriff’s Deed Exhibit A’ should be corrected to conform to the true facts.
“On Page 7, line 4, following the words ‘the said before described property to the said’, and substitute in lieu thereof the word ‘to’.
“And on page 7, line 6, strike out the word ‘and’, being the first word in said line.
“The said ‘Sheriff’s Deed Exhibit A’, as hereinabove amended and corrected, is the Sheriff’s deed which should be executed by the Civil Sheriff, and he is hereby granted ten days within which to execute said deed in accordance herewith.”
Counsel for Doll vigorously insists “that the Civil Sheriff being a ministerial officer” he may not “refuse to observe the written laws of this State which indicate to him how he shall draw a Sheriff’s Deed in every case.” In other words, Counsel for Doll presses the point that the Sheriff is so completely encompassed by the restrictions of Code of Practice Articles 692, 693, 694 and 695, in the confection of the Sheriff’s deed, that he may not copy in the deed, for the protection of “third persons”, verbatim what the City and State Tax certificates and what the mortgage and conveyance certificates reflect. In our opinion, this conclusion is completely refuted both by the rhetoric and the sense of Code of Practice, Article 694, apparently overlooked by both litigants, which reads as follows: “The sheriff shall conclude this act, by selling and transferring to the purchaser all the rights which the former owner had in the thing sold, pursuing the same forms as in ordinary sales.” (Italics ours)
A fortiori, since “The sheriff shall conclude this act, by * * * pursuing the same forms as in ordinary sales” he shall prepare the Sheriff’s deed so as to reflect therein verbatim what appears on the requisite ' certificates, A casual meditation upon the mechanics involved before delivery of the Sheriff’s deed to the adju-dicatee, affirms the sound philosophy of the foregoing article, in that the act of a Notary Public, the original of which, together with all requisite certificates is retained by the Notary in the Parish of Orleans, for the examination of the public generally, whereas the Sheriff’s deed is, after registration, delivered to the adjudi-catee with the tax certificates annexed thereto, the mortgage and conveyance certificates being retained by the Office of the Sheriff. Therefore, wisdom dictates that the sheriff’s deed, as registered, should con *136 tain verbatim the inscriptions appearing on the requisite certificates, in order that any party having an interest therein may make an examination thereof. This is particularly true with respect to the tax certificates which are retained by the adjudica-tée.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.